**TOBIN, Secretary of Labor, v. RAMEY.**

No. 14370.

United States Court of Appeals
Fifth Circuit.

June 30, 1953.

Harry N. Routzohn, Solicitor, Bessie Margolin, Asst. Sol., William A. Lowe and Sylvia S. Ellison, Attys., U. S. Dept. of Labor, Washington, D. C., and Earl Street, Reg. Atty., Dallas, Tex., for appellant.

Robert E. Leake, Jr., New Orleans, La., Deutsch, Kerrigan & Stiles, New Orleans, La., for appellee.

Before HOLMES, BORAH and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

Appellant brought this action to enjoin appellee from violating the overtime and record-keeping provisions of the Fair Labor Standards Act, 29 U.S.C.A. §§ 207(a), 211 (c), and 215(a) (2), (5). The district court denied this relief because it found that appellee's employees were not within the coverage of the Act. As the trial court said, there is little or no dispute as to the facts. It is conceded that appellee did not comply, as to the employees engaged in the work, with the overtime and record-keeping provisions of the Act.

Appellee has been awarded a number of contracts by the Corps of Engineers, United States Army, all but one of which has been for work in the repair, maintenance, enlargement, and improvement of levees on the Mississippi River, unquestionably a navigable stream. In effect at the time of the filing of the complaint in this case was a contract for the repair, enlargement, and improvement of the White Oak Lake Levee which, though a setback levee, is a segment of the levee system for the main channel of the Mississippi River. It was constructed in 1931 and 1932, and subsequently was enlarged by appellee pursuant to a comprehen-

sive Congressional plan for the control of that river. The plan covered the great alluvial valley of the Mississippi through its entire length from the Ohio River to the delta. It was based upon a levee system that would restrict the water to a moderate degree and then, in periods of extreme floods, allow it to escape over some lower levees, known as fuse-plugs.

The trial court found that the White Oak Lake Levee is a part of the main-line system of the Mississippi River. The theory is that confinement of the river increases the body of water carried within its banks, and that levees may affect the hydraulic efficiency of a river whether they are one hundred feet, one mile, or even five miles from the river, since the matter is one of degree. We think the trial court erred in holding that employees engaged in the repair, improvement, and enlargement of an existing segment of the levee system for the main channel of the Mississippi River are not engaged in commerce or in the production of goods for commerce within the meaning of the Fair Labor Standards Act of 1938, as amended.

We do not regard this case as moot. Therefore, the judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.